IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT CALLAWAY, JUDY CALLAWAY and
JAMES E. BARTLETT,

    Plaintiffs,                    No. CIV S-10-3351 KJM-GGH

  vs.

WORTHINGTON INDUSTRIES, INC., an Ohio
Corporation; WORTHINGTON CYLINDERS
WISCONSIN, LLC; WORTHINGTON
CYLINDER CORPORATION, an Ohio
Corporation; and DOES 1 through 50, inclusive,

    Defendants.                ORDER
_____/

        This matter comes before the court upon defendants' motion to dismiss plaintiffs' complaint. (ECF 6.) The court held a hearing on this motion on April 6, 2011, with Kevin Liebeck appearing for plaintiffs and Kenneth McKenzie appearing for defendants. For the following reasons, defendants' motion to dismiss is GRANTED.

I.    FACTS AND PROCEDURAL HISTORY

        On December 16, 2010, defendants removed plaintiffs' complaint, filed in Yolo County Superior Court on August 31, 2010, to this court. (ECF 1.) Plaintiffs' complaint alleges causes of action for: 1) strict product liability; 2) negligent product liability; and 3) loss of consortium. (*Id.*) Plaintiffs seek economic damages, noneconomic damages, punitive and

1

exemplary damages, costs of suit, interest, and other legal and equitable relief as this court deems just and proper. (*Id*.)

Defendants filed the present motion to dismiss in lieu of filing an answer to the complaint on January 18, 2011. (ECF 6.) Defendants allege that plaintiffs are barred from bringing the present complaint by res judicata or claim preclusion, stemming from a prior action brought by plaintiffs against different defendants, described below. (*Id*.) Plaintiffs filed their opposition on March 23, 2011. (ECF 14.) Defendants filed their reply on March 30, 2011. (ECF 15.)

Plaintiffs' prior action ("Action I") was filed in Yolo County Superior Court on August 5, 2009 and removed to this court on September 16, 2009. (Req. for Jud. Not., Exs. A & B, ECF 8.)[1] That complaint was brought against Newell Rubbermaid, Inc. and W.W. Grainger, Inc. (together, "prior defendants") and alleged the same causes of action; namely for 1) strict liability; 2) negligence; and 3) loss of consortium. (*Id*.) Action I was dismissed with prejudice by stipulation of the parties on January 4, 2010. (Req. for Jud. Not., Ex. C, ECF 8.)[2]

II.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988).

/////

---

[1] The court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005). "As a general proposition, a court may take judicial notice of facts outside the pleadings without converting the motion into one for summary judgment only when the facts are properly the object of 'strict' notice [which includes] items in the record of the case or matters of general public record." *Intermedics v. Ventritex, Co.*, 775 F. Supp. 1258, 1261 (N.D. Cal. 1991).

[2] *See* note 1 *supra*.

1        Although a complaint need contain only "a short and plain statement of the claim
2 showing that the pleader is entitled to relief," ( Fed. R. Civ. P. 8(a)(2)), in order to survive a
3 motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to
4 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct.
5 1937, 1949 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).  A
6 complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-
7 me accusation" or "'labels and conclusions'" or "'a formulaic recitation of the elements of a
8 cause of action.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Determining
9 whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-
10 specific task that requires the reviewing court to draw on its judicial experience and common
11 sense." *Iqbal*, 129 S.Ct. at 1950.  Ultimately, the inquiry focuses on the interplay between the
12 factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v.*
13 *King & Spalding*, 467 U.S. 69, 73 (1984).
14        In making this context-specific evaluation, this court must construe the complaint
15 in the light most favorable to the plaintiff and  accept as true the factual allegations of the
16 complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal
17 conclusion couched as a factual allegation,'" (*Papasan v. Allain*, 478 U.S. 265, 286 (1986)
18 (quoted in *Twombly*, 550 U.S. at 555)), nor to "allegations that contradict matters properly
19 subject to judicial notice" or to material attached to or incorporated by reference into the
20 complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's
21 consideration of documents attached to a complaint or incorporated by reference or matter of
22 judicial notice will not convert a motion to dismiss into a motion for summary judgment.
23 *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks School of Business v.*
24 *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980
25 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss,
26 generally court is limited to face of the complaint on 12(b)(6) motion).

III.    DISCUSSION

      A.    Claim Preclusion (Res Judicata)

"In California, res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985) (also finding "that state principles of preclusion govern"); *see also San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) ("Under California's claim preclusion doctrine, 'a valid, final judgment on the merits precludes parties or their privies from relitigating the same 'cause of action' in a subsequent suit.' [] Thus three requirements have to be met: (1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." (quoting *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161 (2003))). "Res judicata serves 'the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" *Paramount Farms, Inc. v. Ventilex B.V.*, 735 F.Supp. 2d 1189, 1201 (E.D. Cal. 2010) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). "'The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation.'" *Roos v. Red*, 130 Cal. App. 4th 870, 879 (2005) (quoting *Citizens for Open Access Etc. Tide, Inc. v. Seadrift Assn.*, 60 Cal. App. 4th 1053, 1065 (1998)).

Defendants contend that plaintiffs are precluded by res judicata from bringing the present action because the claims in both actions are identical, there was a final judgment in

4

1 Action I, and the present defendants have the same legal interests as the prior defendants. (Defs.'
2 Mot. at 6-7, ECF 7.) Plaintiffs contend that the court should not dismiss their complaint on the
3 basis of res judicata because there are numerous disputed facts. (Pls.' Opp'n at 4, ECF 14.)
4 Plaintiffs maintain that defendants have "furnished no judicially noticeable evidence at this
5 pleadings stage challenge, which establishes that they were ever in privity with any of [the prior
6 defendants]." (*Id*. at 5.)[3] Defendants respond that "the interests of the [present defendants]
7 could not be more aligned with those of the [prior defendants]." (Defs.' Reply at 2.) Defendants
8 maintain that they do not claim to be in privity with the prior defendants, but that "there exists an
9 identity or community of interest with, and adequate representation by, the party in the first
10 action." (*Id*. at 4 & n.1 (internal quotation omitted)). In addition, defendants contend that the
11 doctrine of retraxit is inapplicable to the present action because it does not involve a lawsuit filed
12 against multiple joint tortfeasors where not all defendants were dismissed. (*Id*. at 5.)

13 The parties agree that the first two elements of res judicata are met; thus, the court
14 must analyze only the third factor. Plaintiffs argue that in order for claim preclusion to apply,
15 defendants must prove that they were in privity with the defendants in the prior action. (Pls.'
16 Opp'n at 5-7.) In determining whether plaintiffs' claims are precluded by claim preclusion, the
17 court does not consider whether the present defendants are in privity with the prior defendants.
18 In fact, the Supreme Court of California has found that "[t]here is no compelling reason . . . for
19 requiring that the party asserting the plea of res judicata must have been a party, or in privity
20 with a party, to the earlier litigation." *Bernhard v. Bank of America*, 19 Cal. 2d 807, 812 (1942).
21 Rather, the only consideration here is that plaintiffs, the party to be precluded, are the same
22 plaintiffs as in the prior action. Therefore, res judicata applies to preclude plaintiffs' claims in
23 the present case.

---

25 [3] Plaintiffs contend that defendants' assertion that dismissal of Action I was a retraxit is
erroneous. (Pls.' Opp'n at 7-8.) However, defendants do not put forth a retraxit argument in
26 either their motion to dismiss or their reply brief.

III.    CONCLUSION

    For the reasons set forth above, the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: September 22, 2011.

_____
UNITED STATES DISTRICT JUDGE